**UBIQUITI NETWORKS, INC., Plaintiff,**

v.

**KOZUMI USA CORP. et al., Defendants.**

Case No. 4:12mc66–RH/CAS.

United States District Court, N.D. Florida, Tallahassee Division.

Feb. 13, 2013.

---

James Riley Davis, Akerman Senterfitt, Tallahassee, FL, for Plaintiff.

***ORDER UPHOLDING THE MAGIS-TRATE JUDGE'S ORDER, DENY-ING A STAY, BUT EXTENDING THE COMPLIANCE DEADLINE BY FIVE DAYS***

ROBERT L. HINKLE, District Judge.

This order addresses this question: does the Florida statutory privilege for a private investigator's file apply in a federal lawsuit in which federal law supplies the rule of decision? The answer is no.

The issue relates to a case arising under federal law and pending in the United States District Court for the Northern District of California. The plaintiff in that case served in this district subpoenas requiring private investigator Walter Camil to appear for a deposition and to produce documents. Mr. Camil moved to quash, invoking Florida Statutes § 493.6119: "Except as otherwise provided by this chapter or other law, no [licensed private investigator] shall divulge or release to anyone other than her or his client or employer the contents of an investigative file acquired in the course of licensed investigative activity."

The motion was presented to the assigned magistrate judge, who ruled the privilege inapplicable, narrowed the subpoena in respects not now at issue, and set deadlines for compliance. Mr. Camil has filed objections and has moved to stay pending a ruling on the objections. This order overrules the objections and denies the motion to stay. But the order extends the compliance deadlines by five days—the period in which the objections were pending.

Federal Rule of Evidence 501 makes clear beyond any reasonable argument that the privilege claim now at issue is governed by federal law, not state law. The rule provides in full:

The common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege unless any of the following provides otherwise:

- the United States Constitution;

- a federal statute; or

- rules prescribed by the Supreme Court.

But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

Mr. Camil's assertion that a federal court in a case in which federal law supplies the rule of decision should apply state privilege law is squarely at odds with Rule 501.

The common law has never recognized a private investigator's privilege. Nor should it. Parties to a lawsuit should be able to obtain and present all relevant, admissible evidence—from any source—except when there are good grounds to the contrary. *See, e.g., United States v. Nixon,* 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974) (requiring a president to comply with a subpoena *duces tecum* ); *Clinton v. Jones,* 520 U.S. 681, 691, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) (rejecting a president's immunity claim and recognizing that as a result, the president could be required to submit to a deposition, which in fact later occurred). Courts recognize an attorney-client privilege and work-product protection for good reasons. Courts recognize a psychiatric privilege and legislative privilege for good reasons. Courts recognize a privilege against self-incrimination for good reasons. Other privileges of similar stature appropriately receive similar treatment. A private investigator's work does not come close.

Reason and experience do not support creating a federal common-law privilege for an investigator's work. An investigator's work with an attorney may come within the attorney-client privilege or work-production doctrine, and there may be other circumstances when an investigator ought not be subjected to discovery. But Mr. Camil has shown no such circumstances here. At least as shown by this record, he has information relevant to a pending federal lawsuit. He has no privilege against disclosing the information.

■ Three other points deserve mention. First, Mr. Camil says Florida law is to the contrary, and that under Florida law he will commit a crime by complying with the subpoenas. Even if true, this would not change the result. A state legislature cannot validly prohibit compliance with federal law or federal court orders. If the law were otherwise, the schools might still be segregated.

Second, Mr. Camil's interpretation of Florida law is not correct. He says the investigator's privilege in § 493.6119(1) "is subject to only three enumerated exceptions" in which an investigator may disclose the information: with the client's consent, in defense of a client's accusation of wrongdoing by the investigator, and to state regulatory authorities. ECF No. 12–1 at 8–9. But the argument wholly ignores the statute's very first words: "Except as otherwise provided by this chapter *or other law.*" Fla. Stat. § 493.6119(1) (emphasis added). This is an explicit statutory exception: the privilege does not apply when "other law" so provides. "Other law" includes Federal Rule of Evidence 501 and the other federal provisions requiring compliance with a valid federal subpoena.

Third, Mr. Camil says that even though Rule 501 makes privilege a question of federal law, I should follow state law as a matter of comity. In support, he cites *United States v. Gillock,* 445 U.S. 360, 100 S.Ct. 1185, 63 L.Ed.2d 454 (1980), a case addressing legislative privilege. *Gillock* rejected the privilege claim, noting the important interest in enforcement of criminal laws. Mr. Camil says this is a civil case and the result should be different. But comity between the federal and state governments on matters involving their own governance—in that instance, the privilege of a state's own legislators—is a far cry from comity relating to a private

investigator's private interests. This case is nothing like *Gillock.* State privilege law is sometimes a factor in the Rule 501 analysis, but a federal court in a federal-question case cannot properly abdicate its responsibility to apply the common law, as interpreted by the court in the light of reason and experience, just because state law takes a different approach.

For these reasons,

IT IS ORDERED:

The objections, ECF No. 12–1, to the magistrate judge's order, ECF No. 10, are overruled. The compliance deadlines based on that order are extended five days. The attorneys should confer on a reasonable time and place for compliance.